FILED

Alan M. Kindred, SBN 135145
e-mail: akindred@leechtishman.com
Ivan Posey, SBN 196386
e-mail: iposey@leechtishman.com
LEECH TISHMAN FUSCALDO & LAMPL, LLP
The Walnut Plaza
215 N. Marengo Avenue
Suite 135,
Pasadena, California 91101
Phone: 626-817-7500
Fax: 213-559-8822

Attorneys for Plaintiff
M. Rothschild Holding, LLC

2013 JUL 30 PM 2:03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SACV 13-1146

CAS (JCx)

| | |
|---|---|
| M. ROTHSCHILD HOLDING, LLC, a Delaware Limited Liability Company,<br><br>            Plaintiff,<br><br>      vs.<br><br>ANGELS BASEBALL, L.P., a California limited partnership; MORENO BASEBALL, L.P.,a California limited partnership; and DOES 1 THROUGH 10, inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL**<br><br><br>BY FAX |

      Plaintiff M. Rothschild Holding, LLC brings this action against Angels Baseball, L.P., Moreno Baseball, L.P., and Does 1 through 10, inclusive, and for its claims for relief avers as follows:

COMPLAINT FOR PATENT INFRINGEMENT; JURY DEMAND

**LEECH TISHMAN FUSCALDO & LAMPL, LLP**
**626.817.7500**

## THE PARTIES

1.      Plaintiff M. Rothschild Holding, LLC ("Rothschild") is a limited liability company established and existing under the laws of the state of Delaware, with a principal place of business at 13714 Valley Vista Blvd, Sherman Oaks, CA 91423.

2.      Defendants Angels Baseball, L.P. and Defendant Moreno Baseball, L.P. (collectively the "Angels") are each limited partnerships established and existing under the laws of the State of California, with both having a principal place of business at 2000 Gene Autry Way, Anaheim, California, 92806.

3.      At this time, the true names and capacities of Doe Defendants 1-10, inclusive, are not known to Plaintiff, and Plaintiff therefore sues them under fictitious names.  When the actual identities of Does 1 through 10 are determined, Plaintiff intends  to amend this Complaint to name such persons or entities as named Defendants.  Plaintiff is informed and believes, and thereon avers, that Does 1 through 10, inclusive, participated in, or contributed to, or induced, one or more of the wrongful acts described herein, and/or are responsible in some way for one or more of the wrongful acts and resulting damages as averred herein. Accordingly, depending on the context in which it is used herein, the terms "Defendant" or "Defendants" are intended to include not only the named Defendants as captioned above, but also any other Defendants or any individuals or other entities acting on behalf of or in coordination with the named Defendant regarding the matters discussed herein.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281.  This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this judicial District under 28 U.S.C. § 1391 and/or 1400(b) as this action relates to patents, and Defendants have committed

acts of infringement here.

6.　　Personal jurisdiction exists generally over the Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of California and within the Central District of California.  Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, related entites and/or independent contractors makes, uses, sells, imports and offers for sale, products or services within the State of California and within the Central District of California, that infringe U.S. Design Patent No. D467,707.

### THE PATENT

7.　　On December 31, 2002, United States Design Patent No. D467,707, entitled "Novelty Hat and Wig" ("the '707 patent") was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '707 patent is attached as Exhibit 1.

8.　　Pursuant to 35 U.S.C. § 282, the '707 patent is presumed valid.

9.　　Rothschild is the owner of the entire right, title, and interest in the '707 patent, including the right to recover damages for past, present and future infringement.

### INFRINGEMENT OF THE '707 PATENT

10.　　On and about June 1, 2013, Defendants invited their fans and others to come to one of their baseball games to make history by breaking the Guinness World Record for the most number of wigs worn at a sports game.

11.　　On and about the night of that baseball game, namely June 1, 2013, Defendants acquired, sold (directly or indirectly), distributed or gave away tens of thousands of wigs to game attendees, all of which bore the colors of the Angels baseball team, namely red and white.

12.　　Defendants induced fans of the Angels baseball team and others to become part of world history and break the Guinness World Record for the most

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

wigs ever worn at a sports game. The event was sponsored by Yakult. The Guinness World Record was in fact broken that night. Indeed, during the Guinness World Record part of the Angels baseball game on June 1, 2013, tens of thousands of Angels fans stood up in Angel Stadium for ten minutes wearing the infringing wigs that are the subject of this action. That event was shown on television and the internet, including but not limited to, YouTube, to millions of people.

13.     None of said wigs was authorized or licensed or otherwise permitted by Plaintiff or its predecessors in interest.

14.     Each and every said wig infringed Plaintiff's '707 patent.

15.     Each and every said infringing wig was either made, used, sold, imported and/or distributed by Defendants, or Defendants caused, contributed to, and/or induced another party or parties to make, use, sell and/or distribute said infringing wigs.

16.     On the night of said baseball game, the Guinness World Record for the most wigs worn at a sports game was broken.

17.     On at least two prior occasions, but not the above referenced occasion, Defendants had acquired licensed wigs for its baseball games directly or indirectly from one or more of Plaintiff's predecessors in interest or one of said predecessors' authorized licensees, distributors or vendors.

18.     Plaintiff's, or its predecessors', authorized wigs were all duly marked with the patent number in accordance with the statute. The infringing wigs the subject of this action were not so marked.

19.     Defendants also knew of the '707 patent because Plaintiff 's predecessor(s) in interest had over a decade of dealings in tens of thousands of such wigs between them and Plaintiff's President and CEO, as well as the fact that Plaintiff's predecessor(s) was/were exclusive MLB licensee(s) for such wigs, that tens of thousands of authorized wigs had been sold at Angel Stadium before

June 1, 2013 and at another wig night in April 2004 sponsored at that time by AM/PM Mini Markets where at least 25,000 wigs subject to the '707 patent were sold or distributed.

20.     By reason of the foregoing, Defendants were on actual and/or constructive notice of Plaintiff's patent when they committed the above referenced wrongful acts of patent infringement.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement)

21.     Defendants have been and are now making, using, selling, offering for sale within the United States, or importing into the United States, wigs that infringe one or more claims of the '707 patent.

22.     By so making, using, selling, offering to sell within the United States, or importing into the United States the aforementioned products, Defendants have infringed and continue to infringe the '707 patent, either literally or by equivalents, and either directly or indirectly by inducing infringement or contributing to the infringement of the '707 patent.

23.     Defendants' acts of infringement of the '707 patent as averred above have injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for that infringement, and such damages should be trebled for willful infringement, but which in no event can be less than a reasonable royalty. Plaintiff is also entitled to the profits collected by all Defendants under 35 U.S.C. § 289 for design patent infringement.

24.     Defendants have been aware of, and on actual and/or constructive notice of, the '707 Patent and their infringement thereof since issuance of the '707 Patent.  Despite knowledge of their infringement of the '707 Patent, Defendants continued to infringe that patent.  Defendants therefore willfully infringed the '707 patent.

/ / /

LEECH TISHMAN FUSCALDO & LAMPL, LLP
626.817.7500

# **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment as follows:

A.     Declaring that the Defendants have infringed the claims of the '707 patent.

B.     That the Defendants account for and pay to Plaintiff all damages caused by the infringement of the '707 patent, which by statute can be no less than a reasonable royalty;

C.     That the Defendants have willfully infringed the '707 patent, and that an award of damages in the highest amount allowed by law be assessed against Defendants for the willful infringement of Plaintiff's '707 patent;

D.     That Plaintiff's damages for infringement of the '707 patent be trebled in accordance with the law;

E.     That each of the Defendants account for and pay their profits realized from their infringement to Plaintiff under 35 U.S.C. § 289, including but not limited all profits from ticket sales on June 1, 2013;

F.     That each of the Defendants, and all those in active participation or concert with them, be preliminarily and permanently enjoined from further acts of infringement, inducing infringement and/or contributory infringement of Plaintiff's '707 patent;

G.     That Plaintiff be granted its costs, pre-judgment and post-judgment interest on the damages caused to it by reason of the Defendants' infringement of the '707 patent;

H.     That Plaintiff be granted its attorneys' fees in this action;

I.     That costs be awarded to Plaintiff; and

J.     That Plaintiff be granted such other and further relief that is just and

/ / /

/ / /

/ / /

proper.

July 28, 2013

_A.M. Kindred_

Alan M. Kindred
Ivan Posey
LEECH TISHMAN FUSCALDO &
LAMPL, LLP

Attorneys for Plaintiff
M. Rothschild Holding, LLC

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Rule 38(b), F. R. Civ. P., plaintiff hereby demands trial by jury

3  on all issues so triable.

4

5

6  July 28, 2013

7                                                  Alan M. Kindred

8                                                  Ivan Posey

9                                                  LEECH TISHMAN FUSCALDO &
                                                   LAMPL, LLP
10

11                                                 Attorneys for Plaintiff,

12                                                 M. Rothschild Holding, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT; JURY DEMAND

# EXHIBIT 1

US00D467707S

(12) **United States Design Patent**     (10) Patent No.:     **US D467,707 S**
Rothschild     (45) Date of Patent:     ** Dec. 31, 2002

(54) **NOVELTY HAT AND WIG**

(75) Inventor:  **Margaret Rothschild,** Sherman Oaks, CA (US)

(73) Assignee:  **RWL Millennium LLC,** Sherman Oaks, CA (US)

(**) Term:  **14 Years**

(21) Appl. No.: **29/157,211**

(22) Filed:  **Mar. 14, 2002**

(51) LOC (7) Cl. .................................................. **02-01**
(52) U.S. Cl. ........................... **D2/866;** D2/885; D2/869
(58) Field of Search ......................... D2/865, 866, 867, D2/868, 869, 870, 875, 881, 884, 885, 894; D28/92, 93; 2/171, 171.1, 181, 195.1, 209.13; 132/53, 201

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 373,297 | A | * | 11/1887 | Marshall | ...................... 132/53 |
| 1,350,776 | A | * | 8/1920 | Brogden | ............................. 2/68 |
| D132,637 | S | * | 6/1942 | Marks | ......................... D2/881 |
| 2,461,331 | A | * | 3/1949 | Mason | .............................. 2/171 |
| 3,199,516 | A | * | 8/1965 | Frishman | ................... 132/201 |
| 3,242,501 | A | * | 3/1966 | Lish | ............................... 2/171 |
| 3,295,536 | A | | 1/1967 | Shaw et al. | |
| 3,474,798 | A | | 10/1969 | Tillotson | |
| 3,782,396 | A | | 1/1974 | Tomlinson | |
| D232,392 | S | * | 8/1974 | White | ........................ D28/92 |
| 3,910,292 | A | * | 10/1975 | Izzo | .............................. 132/53 |
| 4,106,124 | A | * | 8/1978 | Green | ....................... 2/209.13 |
| 4,268,918 | A | | 5/1981 | Lee | |
| D302,484 | S | | 8/1989 | Egan | |
| 5,119,513 | A | | 6/1992 | McKay | |
| D336,970 | S | * | 7/1993 | Reber | ......................... D2/868 |
| D338,545 | S | * | 8/1993 | Honorof | ..................... D2/885 |
| D357,569 | S | | 4/1995 | Jacobellis | |
| D369,014 | S | | 4/1996 | Lucas | |
| D378,948 | S | | 4/1997 | Ragus | |
| 5,806,535 | A | | 9/1998 | Becker | |
| D411,577 | S | | 6/1999 | Walker et al. | |
| 6,000,063 | A | | 12/1999 | Sullivan | |
| D422,777 | S | * | 4/2000 | Scott | ........................... D2/869 |
| 6,115,843 | A | | 9/2000 | Travalgia | |
| D442,746 | S | * | 5/2001 | Belcher | ...................... D2/865 |

* cited by examiner

*Primary Examiner*—Doris V. Coles
*Assistant Examiner*—Mimosa De
(74) *Attorney, Agent, or Firm*—Buchalter, Nemer, Fields & Younger

(57)  **CLAIM**

The ornamental design of a novelty hat and wig, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of my novelty hat and wig of the present invention, the front and back views being identical, the broken line drawing of the letters being for illustrative purposes only;
FIG. **2** is a side view of the novelty hat and wig in FIG. **1**, the right and left side views being identical;
FIG. **3** is a top view of the novelty hat and wig in FIG. **1**;
FIG. **4** is a bottom view of the novelty hat and wig in FIG. **1**; and,
FIG. **5** is a front perspective view of the novelty hat and wig in FIG. **1**, the broken line drawing of the human being for illustrative purposes only.

**1 Claim, 4 Drawing Sheets**



**U.S. Patent**        Dec. 31, 2002        Sheet 1 of 4        US D467,707 S



FIG. 1



FIG. 2

Case 8:13-cv-01146-CAS-JC   Document 1   Filed 07/30/13   Page 12 of 14   Page ID #:16



FIG. 3



*FIG. 4*



FIG. 5